UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

|  |  |  |
|---|---|---|
| BOSTON RESTAURANT ASSOCIATES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO._____ |
| GAMBINO'S RESTAURANT, INC., dba Capone's Pizzeria and Prohibition Pub, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

1.  Plaintiff Boston Restaurant Associates, Inc. ("BRA") owns the well-known and highly regarded Regina Pizzeria restaurants and the valuable intellectual property associated with the brand. That intellectual property includes the trademark rights in the famous REGINA PIZZA T-shaped sign and artwork depicting that sign in a Boston streetscape.

2.  Defendant Gambino's Restaurant, Inc., dba Capone's Pizzeria and Prohibition Pub ("Capone's"), has intentionally misappropriated BRA's intellectual property by using the distinctive Regina Pizza T-shaped sign and artwork in its marketing and advertising materials. Capone's has unabashedly copied BRA's marks and artwork, and it is now using that intellectual property to trade on BRA's valuable goodwill.

3.  BRA now brings this action to put a stop to Capone's ongoing infringement. BRA seeks preliminary and permanent injunctive relief and also to recover the damages that it has suffered and the illicit profits Capone's has gained from Capone's brazen theft of BRA's valuable intellectual property.

## PARTIES AND JURISDICTION

4. Plaintiff Boston Restaurant Associates, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at Six Kimball Lane, Suite 210, Lynnfield, Massachusetts, 01940.

5. Defendant Gambino's Restaurant, Inc. is a Massachusetts corporation with a registered agent at 36 Mt. Pleasant Street, Plymouth, Massachusetts 02360. It does business under the fictitious name Capone's Pizzeria and Prohibition Pub. It has a registered office and place of business at 1229 Washington Street, South Weymouth, Massachusetts 02189, and an additional place of business at 254 Church Street, Pembroke, Massachusetts 02359.

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338 (a) and (b). This Court has supplemental jurisdiction pursuant to 28 U. S. C. § 1367(a) over the claims arising under Massachusetts law because these claims are so related to the claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Defendant Capone's is subject to personal jurisdiction in this district because it is incorporated and does business in the Commonwealth of Massachusetts, and because the infringing conduct on which BRA's claims are based occurred primarily within this district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the parties are located here and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS

### The Famous Regina Pizza Marks

9.　In 1926, Regina Pizzeria began serving Boston's best pizza. Over the past 84 years, the business has grown tremendously and the Regina Pizzeria brand has become famous throughout the entire New England region.

10.　The trademarks and service marks associated with the Regina Pizzeria brand (the "BRA Marks") have been in continuous use for decades. They are distinctive and immediately recognized by the general public.

11.　The BRA Marks include the word marks REGINA PIZZA, REGINA PIZZERIA, and PIZZERIA REGINA, among many others, and related design marks.

12.　One of the most recognizable of the BRA Marks is the distinctive REGINA PIZZA T-shaped sign (the "T-SIGN Mark"), as shown in Figure 1:



**Figure 1**

13. This T-SIGN Mark is derived from the sign that has hung for decades in front of the original Regina Pizza restaurant in Boston's North End.

14. BRA also owns all rights, including the copyright, in an image of a streetscape painting (the "Artwork") that depicts the original Regina Pizza restaurant in the North End, and which features the T-SIGN Mark as shown in Figure 2:



**Figure 2**

15. The Artwork is a copyrighted work, but it is also featured in Regina Pizza marketing materials and functions as a trademark and service mark (the "Artwork Mark").

16. As a result of the long, continuous, and exclusive use of the BRA Marks, particularly the T-SIGN Mark and the Artwork Mark, BRA has acquired valid and protectable rights in those Marks.

**Capone's Has Intentionally Misappropriated The Famous Regina Pizza Marks**

17. Defendant Capone's operates a pizza restaurant south of Boston, with locations in South Weymouth and Pembroke.

18. BRA recently discovered that Capone's had begun distributing advertising and take-out menus that blatantly rip off and infringe BRA's marks:



**Figure 3**

19. It is transparently obvious that Capone's has simply taken the famous T-SIGN Mark and Artwork Mark and edited them to remove "Regina" and insert "Capone's."

5

20. Indeed, Capone's has admitted that it copied BRA's Marks. After BRA became aware of Capone's infringing conduct, it sent a letter dated December 7, 2009 to Capone's and demanded that Capone's cease and desist its infringement. A representative of BRA then spoke by telephone with Mr. Scott Myers on one occasion and with Mr. Paul Malino on another; Mr. Myers and Mr. Malino identified themselves as the owners of Capone's. Mr. Meyers and Mr. Malino each admitted that they had copied and altered the Artwork. They promised to cease and desist their infringement of BRA's marks, but as of the date of this complaint Capone's infringement continues.

## COUNT I
## UNFAIR COMPETITION – Infringement of T-SIGN Mark
## (15 U. S. C. § 1125(a))

21. BRA repeats and realleges the allegations set forth in Paragraphs 1 through 20 as if fully set forth herein.

22. Because BRA advertises, promotes, and offers its goods and services under the T-SIGN Mark, the Mark is the means by which BRA's goods and services are distinguished from the goods and services of others in the same field or related fields.

23. Because of the long, continuous, and exclusive use of the T-SIGN Mark by BRA and its predecessors-in-interest, the T-SIGN Mark has come to mean, and is understood by customers and the public to signify, BRA.

24. BRA has acquired valid and protectable rights in the T-SIGN Mark.

25. Capone's has wrongfully used the T-SIGN Mark in interstate commerce, including, without limitation, by sending infringing materials through the United States mail.

26. Capone's has used and continues to use the T-SIGN Mark willfully, with the purpose of misleading, deceiving, or confusing customers and the public, and has created the

false impression that BRA is associated with Capone's, and has traded upon BRA's fame, goodwill, and outstanding business reputation.

27. This conduct constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U. S. C. § 1125(a).

28. As a result of Capone's wrongful conduct, BRA has suffered and will continue to suffer damages.

29. Capone's wrongful conduct is likely to continue unless restrained and enjoined.

30. BRA is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all infringement materials bearing the T-SIGN Mark. BRA has no adequate remedy at law for Capone's wrongful conduct because, among other things, (a) the T-SIGN Mark is unique and valuable property which has no readily-determinable market value, and (b) Capone's wrongful conduct, and the resulting damage to BRA, is continuing.

## COUNT II
### UNFAIR COMPETITION – Infringement of Artwork Mark
### (15 U. S. C. § 1125(a))

31. BRA repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. Because BRA advertises, promotes, and offers its goods and services under the Artwork Mark, the Mark is the means by which BRA's goods and services are distinguished from the goods and services of others in the same field or related fields.

33. Because of the long, continuous, and exclusive use of the Artwork Mark by BRA and its predecessors-in-interest, the Artwork Mark has come to mean, and is understood by customers and the public to signify, BRA.

34. BRA has acquired valid and protectable rights in the Artwork Mark.

35. Capone's has wrongfully used the Artwork Mark in interstate commerce, including, without limitation, by sending infringing materials through the United States mail.

36. Capone's has used and continues to use the Artwork Mark willfully, with the purpose of misleading, deceiving, or confusing customers and the public, and has created the false impression that BRA is associated with Capone's, and has traded upon BRA's fame, goodwill, and outstanding business reputation.

37. This conduct constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U. S. C. § 1125(a).

38. As a result of Capone's wrongful conduct, BRA has suffered and will continue to suffer damages.

39. Capone's wrongful conduct is likely to continue unless restrained and enjoined. BRA is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all infringement materials bearing the Artwork Mark. BRA has no adequate remedy at law for Capone's wrongful conduct because, among other things, (a) the Artwork Mark is unique and valuable property which has no readily-determinable market value, and (b) Capone's wrongful conduct, and the resulting damage to BRA, is continuing.

**<u>COUNT III</u>**
**TRADEMARK INFRINGEMENT -- T-SIGN Mark**
**(Massachusetts Common Law)**

40. BRA repeats and realleges the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

41. Because BRA advertises, promotes, and offers its goods and services under the T-SIGN Mark, the Mark is the means by which BRA's goods and services are distinguished from the goods and services of others in the same field or related fields.

42. Because of the long, continuous, and exclusive use of the T-SIGN Mark by BRA and its predecessors-in-interest, the T-SIGN Mark has come to mean, and is understood by customers and the public to signify, BRA.

43. BRA has acquired valid and protectable rights in the T-SIGN Mark under Massachusetts common law.

44. Capone's has wrongfully used marks that are confusingly similar to the T-SIGN Mark in connection with its trade or business.

45. Capone's wrongful use of its marks has caused and, unless enjoined, will continue to cause confusion, mistake or deception as to the source of Capone's goods and services, or as to the approval, sponsorship, or endorsement by BRA of Capone's goods and services.

46. Capone's actions constitute infringement of BRA's rights in the T-SIGN Mark under Massachusetts common law.

47. Capone's infringement is willful.

48. As a result of Capone's conduct, BRA has suffered and will continue to suffer damages.

49. In addition, as a result of its infringing conduct, Capone's has been unjustly enriched.

50. As a result of Capone's wrongful conduct, BRA has suffered and will continue to suffer irreparable harm.

51. Capone's wrongful conduct is likely to continue unless restrained and enjoined.

52. BRA is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all infringement materials bearing the T-SIGN Mark. BRA has no adequate remedy at law for Capone's wrongful conduct because, among other things, (a) the T-SIGN Mark is unique and valuable property which has no readily-determinable market value, and (b) Capone's wrongful conduct, and the resulting damage to BRA, is continuing.

## COUNT IV
## TRADEMARK INFRINGEMENT – Artwork Mark
### (Massachusetts Common Law)

53. BRA repeats and realleges the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54. Because BRA advertises, promotes, and offers its goods and services under the Artwork Mark, the Mark is the means by which BRA's goods and services are distinguished from the goods and services of others in the same field or related fields.

55. Because of the long, continuous, and exclusive use of the Artwork Mark by BRA and its predecessors-in-interest, the Artwork Mark has come to mean, and is understood by customers and the public to signify, BRA.

56. BRA has acquired valid and protectable rights in the Artwork Mark under Massachusetts common law.

57. Capone's has wrongfully used marks that are confusingly similar to the Artwork Mark in connection with its trade or business.

58. Capone's wrongful use of its marks has caused and, unless enjoined, will continue to cause confusion, mistake or deception as to the source of Capone's goods and services, or as to the approval, sponsorship, or endorsement by BRA of Capone's goods and services.

59. Capone's actions constitute infringement of BRA's rights in the Artwork Mark under Massachusetts common law.

60. Capone's infringement is willful.

61. As a result of Capone's conduct, BRA has suffered and will continue to suffer damages.

62. In addition, as a result of its infringing conduct, Capone's has been unjustly enriched.

63. As a result of Capone's wrongful conduct, BRA has suffered and will continue to suffer irreparable harm.

64. Capone's wrongful conduct is likely to continue unless restrained and enjoined.

65. BRA is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all infringement materials bearing the Artwork Mark.  BRA has no adequate remedy at law for Capone's wrongful conduct because, among other things, (a) the Artwork Mark is unique and valuable property which has no readily-determinable market value, and (b) Capone's wrongful conduct, and the resulting damage to BRA, is continuing.

## COUNT IV
## UNFAIR AND DECEPTIVE TRADE PRACTICES
### (Mass. G. L. c. 93A)

66. BRA repeats and re-alleges all of the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. BRA is engaged in the conduct of trade and commerce.

68. Capone's is engaged in the conduct of trade and commerce.

69. Capone's has engaged in unfair, deceptive, and unlawful acts and unfair methods of competition in violation of M. G. L. c. 93A, §§ 2 and 11 by, among other things, infringing BRA's T-SIGN and Artwork Marks.

70. BRA has suffered losses of money and property as a result of Capone's wrongful conduct.

71. Capone's has willfully and knowingly engaged in these unfair methods of competition and these unfair, deceptive and unlawful acts and practices.

72. BRA is entitled to immediate equitable relief, including an order enjoining Capone's from infringing BRA's rights in the T-SIGN and Artwork Marks, as well as an award of actual damages, multiple damages and attorneys fees.

## PRAYERS FOR RELIEF

WHEREFORE, BRA hereby requests that this court:

A. Enter Judgment in favor of BRA and against Capone's on all counts, in an amount to be determined at trial.

B. Enter an order preliminarily and permanently enjoining and restraining Capone's, its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and/or related companies, attorneys and all persons in active concert and/or participation with Capone's from the following:

  (i) Infringing the T-SIGN and Artwork Marks;
  (ii) Using any confusingly similar mark, device, name, or colorable imitation thereof, to promote, market, advertise, or sell Capone's goods or services, or otherwise in connection with Capone's conduct of its business in such a way as to mislead or confuse anyone as to the source, affiliation or sponsorship of such business;
  (iii) Otherwise infringing or diluting the distinctive quality of BRA's T-SIGN and Artwork Marks;
  (iv) Injuring BRA's business reputation and the goodwill associated with its Regina Pizza business, and from otherwise unfairly competing, directly or indirectly, with BRA, its affiliates, or subsidiaries; and
  (v) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation or approval with or by BRA, or engaging in conduct tending to create a false commercial impression of Capone's goods or services, or any other conduct that tends to pass off Capone's goods or services as those of BRA or creates a likelihood of confusion or misunderstanding or false representation.

C. Direct Capone's to file in Court and to serve on BRA, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction.

D. Direct Capone's to deliver up to this Court for destruction all signs, prints, advertisements, publications, promotions or other articles in its possession, custody or control bearing the T-SIGN or Artwork Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens or other means of making the same.

E. Require Capone's to account for and pay over to BRA all actual damages it has suffered; all gains, profits and advantages derived by Capone's from its infringement of the T-SIGN and Artwork Marks, and/or from Capone's aforesaid acts of unfair competition and other unlawful acts; and any such damages as to the Court shall appear proper within the provisions of the Lanham Act and Massachusetts common law.

F. Enter an order requiring Capone's to compensate BRA for all advertising, public relations, and other related expenses incurred by BRA in connection with its efforts to dispel public confusion caused by Capone's infringement of BRA's marks, and/or by Capone's unfair competition, deceptive trade practices, and other unlawful acts.

G. Award treble damages to BRA on account of Capone's knowing and willful violations of Mass. Gen. L. c. 93A.

H. Order Capone's to pay interest, costs and reasonable attorneys' fees to BRA.

I. Grant BRA such other and further relief as the Court deems just and proper.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

    Respectfully submitted,

    BOSTON REALTY ASSOCIATES, INC.

    By its attorneys

    /s/ Edward J. Naughton
    Edward J. Naughton  (BBO #600059)
    BROWN RUDNICK LLP
    One Financial Center
    Boston, MA  02111
    (617) 856-8200 (phone)
    (617) 856-8228 (fax)
    enaughton@brownrudnick.com

Dated: February 9, 2010
    Boston, Massachusetts